```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


RENEE R. BERRY,                )
                               )
     Plaintiff,                )
                               )
          v.                   )    1:08cv459 (JCC)
                               )
CARLOS M. GUTIERREZ,           )
SECRETARY, U.S. DEPT.          )
OF COMMERCE,                   )
                               )
     Defendant.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Supplemental Opposition Memorandum (the "Supplemental Response"). For the reasons stated below, the Court will deny Defendant's Motion to strike but grant Defendant's alternative request for leave to file a second rebuttal brief to the Supplemental Response.

### **I. Background**

Plaintiff Renee Berry ("Berry") has instituted a blizzard of filings, grievance procedures and appeals in several divisions of the executive and judicial branches of the federal government.[1] This case arises out of her employment with the

---

[1] Grievances and filings involved in this Complaint have been submitted at various times to the U.S. Patent and Trademark Office's Office of Civil Rights, the U.S. Equal Employment Opportunity Commission, the Federal Labor Relations Authority, an arbitrator, the Merit Systems Protection Board, and the Court of Federal Claims.

1

U.S. Patent and Trademark Office ("USPTO"), an agency of the U.S. Department of Commerce located in Alexandria, Virginia.  Berry was removed from her position as a Patent Examiner in 2005 for poor performance.  In August 2006, the USPTO agreed to reinstate Berry and to provide her with certain forms of financial compensation in return for the agreement of Berry and her union to withdraw an invocation of arbitration in a union-related matter before the Federal Mediation and Conciliation Service ("FMCS"), withdraw an Equal Employment Opportunity ("EEO") complaint pending before the Equal Employment Opportunity Commission ("EEOC"), and withdraw an administrative EEO complaint pending in the USPTO's Office of Civil Rights.  *See* Def.'s Mem. in Supp't at 1-3.

   The Settlement Agreement between the USPTO, Berry, and her union specifically stated that "[t]he time period dating from the Employee's removal through the time of reinstatement (absence from the Agency) will be designated as Leave Without Pay (LWOP)." Compl. Ex. 1 at ¶ 2(a).[2]  The Agreement further stated that Berry and her union "hereby waive, release, and forever discharge the Agency, its employees, agents, and representatives . . . from any claims, demands, or causes of action which the Employee has arising from her removal and any action addressed in [the EEO and

---

[2] Berry included an unsigned copy of the Agreement as an exhibit to her Complaint.

USPTO cases]." Compl. Ex. 1 at ¶ 4. Crucially, the release Berry signed included the release "of any right to . . . judicial . . . or any other type of relief . . . . [t]he employee will retain these appeal rights only on the issue of whether the parties complied with the terms and conditions of this Agreement." *Id*.

In January 2007, Berry e-mailed the USPTO's Office of Civil Rights, alleging a breach of the Settlement Agreement. The Office of Civil Rights responded by letter in February, explaining that it did not have jurisdiction to review allegations that a settlement governed by union agreements was breached. The Office of Civil Rights advised Berry to pursue her claims through the union's grievance process. EEOC Decision at 1-2 (Appeal No. 0120072269, attached to Compl.) ("EEOC Decision").

Berry appealed the USPTO Office of Civil Right's determination to the EEOC's Office of Federal Operations. She asked the EEOC to find the USPTO in breach of the Settlement Agreement and asked for enforcement of the Settlement Agreement. In February 2008, the EEOC affirmed the USPTO's dismissal of Berry's complaint. The EEOC decision explained that the EEOC cannot take jurisdiction over grievance settlement agreements outside the EEO process – including agreements reached through a negotiated grievance process. EEOC Decision at 2.

On June 12, 2007, Berry also filed a complaint with the Federal Labor Relations Authority (the "FLRA"), alleging that the USPTO had breached the Settlement Agreement.  Def.'s Mem. in Supp. Ex. 3A.  The FLRA investigated Berry's allegations and, in a letter dated October 30, 2007, the FLRA stated that the "issuance of a complaint is not warranted."  Def.'s Mem. in Supp. Ex. 3B at 1.

In 2007, Berry filed an Appeal with the Merit Systems Protection Board dealing with her reinstatement and with an allegedly withheld pay-grade increase.  Def.'s Mem. in Supp. Ex. 4A-B.

Plaintiff has also filed suit in the U.S. Court of Federal Claims (Action No. 08-330 C) and has filed a separate suit in this Court, raising different allegations of discrimination and retaliation (civil action no. 1:08cv697).

Berry filed a Complaint in this Court on May 9, 2008. In the Complaint, she alleges that the USPTO, which ultimately removed her, again, from her position as a Patent Examiner, breached the Settlement Agreement.  While she acknowledges that she was reinstated, she claims that she was again discriminated against on account of her race and because she had filed prior EEOC claims.  Compl. ¶ 2.  Specifically, Berry alleges that the USPTO breached its agreement with her by: (1) denying her training in new technology; (2) denying her "cursory review as

required in her PAP Plan"; (3) not reinstating her to her previous status by designating her termination period as Leave Without Pay; (4) taking away a pay increase because of her Leave Without Pay status; and (5) improperly shortening the period during which she should have received a new rating.  Compl. ¶ 11.

Berry complains that she was denied the ability to re-open her case with the arbitrator because of racial discrimination and retaliation.  Compl. ¶¶ 17-18.  She requests that this Court direct the USPTO to re-open arbitration on her previous claim (FMCS No. 060120-016673), and also requests that the Court direct the EEOC to continue the hearing process on her previously-filed EEO Case (No. 570-2006-00210X).  Compl. at 5.

On July 24, 2008, Defendant Gutierrez ("Defendant"), sued by Berry in his capacity as Secretary of the U.S. Department of Commerce, filed a motion to dismiss, along with the requisite *Roseboro* notice.  Berry moved for an extension of time to allow her to file a responsive pleading, and also asked for court-appointed counsel.  The Court granted her request for an extension, and moved the briefing deadline back to September 2, 2008.  Berry filed a response in opposition on September 2, and Defendant filed a reply brief on September 8, 2008.

On Friday, September 12, Berry filed a motion for an extension of time to prepare for oral argument, and a motion for court-appointed counsel.  Both motions were noticed for September

5

19, 2008, the same day as the hearing on Defendant's Motion to Dismiss.  Defendant filed a response opposing both motions on September 17, 2008.

On Thursday, September 18 – the afternoon before oral argument on the motion to dismiss – Plaintiff filed a "Supplemental Plaintiff's Response Opposing Deafendant's [sic] Motion to Dismiss" (the "Supplemental Response").  Notice of Electronic Filing for the Supplemental Response did not reach Defendant until after the hearing on Friday, September 19.

Berry did not seek leave of the Court to file her Supplemental Response.  Because of the late filing of this untimely Supplement, Defendant was unable to respond in a timely fashion.  Defendant moves this Court either to strike Plaintiff's Supplemental Response or grant Defendant leave to file a second rebuttal brief.  This Motion is before the Court.

## II. Standard of Review

Local Civil Rule 7(F)(1) states that, except for responsive and rebuttal briefs, "[n]o further briefs or written communications may be filed without first obtaining leave of Court."

## III. Analysis

Berry did not seek or obtain leave of the Court to file her Supplemental Response.  Thus, the Supplemental Response was filed in violation of Local Civil Rule 7(F)(1).

6

Defendant makes a number of arguments for why the Supplemental Response should be stricken or, in the alternative, Defendant should be given leave to file a second rebuttal memorandum.  Regardless of whether Defendant is correct that the *pro se* plaintiff here had the benefit of a lawyer's "ghostwriting," the Court agrees that either the Supplemental Response should be stricken or Defendant should be allowed to file a second rebuttal memorandum before the Court makes a decision on Defendant's pending Motion to Dismiss.  Defendant was not able to view, assess, or respond to the Supplemental Response, which contains a number of new legal citations and a further clarification of the facts relating to Plaintiff's dismissal.  Plaintiff's *pro se* status does not enable her to completely disregard the Court's procedural rules.

Rather than strike the Supplemental Response, however, the Court finds that, in light of the complexity of the case, it would be more efficient to allow the Defendant to file another short memorandum in rebuttal.  A second rebuttal, so long as it does not raise new arguments and confines itself to dealing with the Supplemental Response, will not prejudice Defendant in any way.

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's motion to strike but grant Defendant's request for

leave to file a rebuttal brief to Plaintiff's Supplemental Response.

        An appropriate Order will issue.

October 8, 2008                                           /s/
Alexandria, Virginia                       James C. Cacheris
                                        UNITED STATES DISTRICT COURT JUDGE