IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

RENEE R. BERRY,                    )
                                   )
        Plaintiff,                 )
                                   )
            v.                     )     1:08cv459 (JCC)
                                   )
CARLOS M. GUTIERREZ,               )
SECRETARY, U.S. DEPT.              )
OF COMMERCE,                       )
                                   )
        Defendant.                 )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to Dismiss and on Plaintiff's Motion for Extension of Time and Request for Court-Appointed Counsel.  For the reasons stated below, the Court will grant Defendant's motion and deny Plaintiff's motions.

**I. Background**

Plaintiff Renee Berry ("Berry") has filed a number of cases, grievances, and appeals in several divisions of the executive and judicial branches of the federal government related to her employment with the United States Patent and Trademark Office ("USPTO"), an agency of the United States Department of Commerce, located in Alexandria, Virginia.[1]  Berry was removed

---

[1] Grievances and filings related to this Complaint have been submitted at various times to the U.S. Patent and Trademark Office's Office of Civil Rights, the EEOC, the Federal Labor Relations Authority, an arbitrator, the Merit Systems Protection Board, and the Court of Federal Claims.

1

from her position as a Patent Examiner in 2005 for poor

performance.  In August 2006, the USPTO agreed to reinstate Berry

and to provide her with certain forms of financial compensation

in return for the agreement of Berry and her union to withdraw an

invocation of arbitration in a Federal Mediation & Conciliation

Service ("FMCS") case, withdraw a pending EEOC complaint, and

withdraw an administrative EEO complaint pending in the USPTO's

Office of Civil Rights.  *See* Def.'s Mem. in Supp. at 1-3.

        The Settlement Agreement between the USPTO, Berry's

union, and Berry, who was represented by counsel, stated that

"[t]he time period dating from the Employee's removal through the

time of reinstatement (absence from the Agency) will be

designated as Leave Without Pay (LWOP)."  Compl. Ex. 1 at ¶

2(a).[2]  The Agreement further stated that Berry and her union

"hereby waive, release, and forever discharge the Agency, its

employees, agents, and representatives . . . from any claims,

demands, or causes of action which the Employee has arising from

her removal and any action addressed in [the EEO and USPTO

cases]."  Compl. Ex. 1 at ¶ 4.  The waiver Berry signed included

the release "of any right to . . . judicial . . . or any other

type of relief . . . . The Employee will retain these appeal

rights only on the issue of whether the parties complied with the

------

[2] Berry included an unsigned copy of the Agreement as an exhibit to her
Complaint.

2

terms and conditions of this Agreement." *Id*.  Berry, her union, and the USPTO reached the Settlement Agreement as part of a negotiated grievance process.

In January 2007, Berry e-mailed the USPTO's Office of Civil Rights, alleging a breach of the Settlement Agreement.  The Office of Civil Rights responded by letter in February and explained that it did not have jurisdiction to review allegations that the USPTO did not comply with a grievance settlement.  The Office of Civil Rights advised Berry that she could pursue her claims through the grievance process or file a new EEO complaint. EEOC Decision at 1-2 (Appeal No. 0120072269, attached to Compl.) ("EEOC Decision").

Berry appealed the USPTO Office of Civil Right's determination to the EEOC's Office of Federal Operations.  She asked the EEOC to find the USPTO in breach of the Settlement Agreement and requested that it enforce the Agreement.  In February 2008, the EEOC affirmed the USPTO's dismissal of Berry's complaint.  The EEOC decision explained that it could not take jurisdiction over grievance settlement agreements made outside the EEO process – including those reached through a negotiated grievance process.  EEOC Decision at 2.

On June 12, 2007, Berry filed a separate complaint with the Federal Labor Relations Authority (the "FLRA"), alleging that the USPTO had breached the Settlement Agreement.  Def.'s Mem. in

3

Supp. Ex. 3A.   The FLRA investigated Berry's allegations and, in a letter dated October 30, 2007, stated that the "issuance of a complaint is not warranted."   Def.'s Mem. in Supp. Ex. 3B at 1.

In 2007, Berry filed an Appeal with the Merit Systems Protection Board dealing with her reinstatement and with an allegedly withheld pay-grade increase.   Def.'s Mem. in Supp. Ex. 4A-4B.

Plaintiff has also filed suit in the U.S. Court of Federal Claims (Action No. 08-330 C) and has filed a separate suit in the Eastern District of Virginia, raising different allegations of discrimination and retaliation (case number 1:08cv697).

Berry filed a Complaint in this Court on May 9, 2008. In the Complaint, she alleges that the USPTO breached the Settlement Agreement.   While she acknowledges that the USPTO reinstated her, she claims that she was again discriminated against on account of her race and because she had filed prior EEOC claims.   Compl. ¶ 2.   The USPTO ultimately removed her, again, from her position as a Patent Examiner.   *Id*. Specifically, Berry alleges that the USPTO breached its agreement with her by: (1) denying her training in new technology; (2) denying her "cursory review as required in her PAP Plan"; (3) not reinstating her to her previous status (by designating her termination period as Leave Without Pay); (4) taking away a pay

4

increase because of her Leave Without Pay status; and (5) improperly shortening the period during which she should have received a new rating.  Compl. ¶ 11.

Berry complains that she was denied the ability to re-open her case with the arbitrator because of racial discrimination and retaliation.  Compl. ¶¶ 17-18.  She asks this Court to direct the USPTO to re-open arbitration on her previous claim (FMCS No. 060120-016673) and require the EEOC to continue the hearing process on her previously-filed EEO Case (No. 570-2006-00210X).  Compl. at 5.

On July 24, 2008, Defendant Gutierrez ("Defendant"), sued by Berry in his capacity as Secretary of the U.S. Department of Commerce, filed a motion to dismiss, along with the requisite *Roseboro* notice.  Berry moved for an extension of time to allow her to file a responsive pleading and asked for court-appointed counsel.  The Court granted her request for an extension.  Berry filed a response in opposition on September 2, and Defendant filed a reply brief on September 8, 2008.

On Friday, September 12, Berry filed a motion for an extension of time to prepare for oral argument, and a motion for court-appointed counsel.  Both motions were noticed for September 19, 2008, the same day as the hearing on Defendant's Motion to Dismiss.  Defendant filed a response opposing both motions on September 17, 2008.  Ruling from the bench, the Court denied

Berry's motions at the hearing held on Friday, September 19.  The
Court reiterates and further supports its decisions on these two
motions in this Memorandum.

After the hearing, Berry filed another response
opposing the Defendant's Motion to Dismiss.  Rather than strike
the supplemental filing, the Court allowed Defendant to file an
additional response.  The parties' Motions are before the Court.

## II. Standard of Review

A. <u>Failure to State a Claim</u>

A Rule 12(b)(6) motion to dismiss tests the legal
sufficiency of the complaint.  *See Randall v. United States*, 30
F.3d 518, 522 (4th Cir. 1994).  In deciding a motion to dismiss,
"the material allegations of the complaint are taken as
admitted," and "the complaint is to be liberally construed in
favor of plaintiff."  *Jenkins v. McKeithen*, 395 U.S. 411, 421
(1969) (citations omitted).  In addition, a motion to dismiss
must be assessed in light of Rule 8's liberal pleading standards,
which require only "a short and plain statement of the claim
showing that the pleader is entitled to relief."  Fed. R. Civ. P.
8.  While Rule 8 does not require "detailed factual allegations,"
a plaintiff must still provide "more than labels and conclusions,
and a formulaic recitation of the elements of a cause of action
will not do."  *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.
Ct. 1955, 1964-65 (2007) (citation omitted).

Complaints filed by pro se plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Khozam v. LSAA, Inc.*, Slip Copy, 2007 WL 2932817 at *3 (W.D. N.C. 2007). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a pro se complaint contains potentially cognizable claims, a plaintiff should be allowed to particularize these claims. *Treadwell v. Murphy*, 878 F. Supp. 49, 51-52 (E.D. Va. 1995) (citing *Beaudett v. City of Hampton,* 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir. 1965)).

B. Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F.

7

Supp. 2d at 781.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia v. United States*, 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994).  In either case, the burden of proving subject matter jurisdiction falls on the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219.

C. <u>Motion for Court-Appointed Counsel</u>

The appointment of counsel in a civil case is within the discretion of the trial court.  The court abuses that discretion when it refuses to appoint counsel in exceptional circumstances.  *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds*, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296 (1989); *see also Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

D. <u>Motion for Continuance of Hearing Date</u>

A motion for a continuance is within the district court's discretion; the court's decision is reviewed for abuse of that discretion.  *See United States v. Speed*, 53 F.3d 643, 644 (4th Cir. 1995).

8

### III. Analysis

A. <u>Motion for Appointed Counsel</u>

In a civil case, a court should appoint counsel only in exceptional circumstances. *Cook*, 518 F.2d at 780. The existence of exceptional circumstances turns "on the quality of two basic factors – the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant*, 739 F.2d at 163 (quotation omitted). One circumstance in which the court should appoint counsel occurs when it is obvious that a pro se litigant has a colorable claim but lacks the capacity to present it. *Waller v. Butkovich*, 584 F. Supp. 909, 947 (M.D. N.C. 1984).

Berry claims she has no funds to hire counsel and that she lacks the requisite knowledge of the substantive law to appear in oral argument. Pl.'s Mot. at 1. Berry, however, has filed a number of civil complaints as well as a response in opposition to Defendant's motion to dismiss. She has demonstrated adequate legal abilities in her filings. Her response adroitly countered Defendant's argument that she had failed to allege a breach of the Settlement Agreement. *See infra* Subsection III.C.1. She requested, and was granted, additional time to prepare her defense to the motion to dismiss. The Court found no exceptional circumstances warranting the appointment of counsel and denied Berry's motion at the September 19 hearing.

B. <u>Motion for Extension of Time</u>

Berry also moved this Court to grant a 30-day extension of its hearing on Defendant's Motion to Dismiss.  Pl.'s Mot. at 2.  Local Rule 7(G) states that continuances will not be granted "other than for good cause and upon such terms as the Court may impose."  Requests for extensions of time relating to motions "must be in writing and, in general, will be looked upon with disfavor."  Local Rule 7(I).

Berry filed this lawsuit more than four months before the hearing on this motion to dismiss.  She previously received one extension from the Court, which pushed the hearing date on the Motion to Dismiss back more than 30 days.  The Court also notes that she filed her Motion for an Extension of Time just one week before the hearing date.  Berry did not show good cause for her request for a continuance as required by EDVA Local Civil Rule 7(G), and so her request was denied.

C. <u>Motion to Dismiss</u>

1. <u>Failure to State a Claim under Fed. R. Civ. P.</u>
<u>12(b)(6)</u>

Defendant, claiming that Berry has not alleged a breach of the Settlement Agreement, argues that the Court should dismiss her Complaint because it does not state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendant also contends that the plain language of the settlement

agreement precludes the remedies Berry requests.

Berry attached the Settlement Agreement to the Complaint she filed.  The top-right corner of the Settlement Agreement is marked "Exh. 1."  A court may consider documents attached to a complaint under Federal Rule of Civil Procedure 10(c).  A court can also take into consideration at the 12(b)(6) stage documents attached to a motion to dismiss, as long as they are integral to the complaint and authentic.  *See Blankenship v. Manchin*, 471 F.3d 523, 526 (4th Cir. 2006); *see also Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).  The documents Berry attached are integral to her Complaint and neither party disputes their authenticity. This Court will consider the Settlement Agreement and other attached documents, including the EEOC decision, in deciding this motion.

We note at the outset that while Berry ostensibly brings her claim under Title VII and blames the breach of the Settlement Agreement on racial discrimination and retaliation, the final decision of the EEOC from which she takes her appeal dealt only with the USPTO's alleged breach of the Settlement Agreement.  EEOC Decision at 1 (noting that Berry claimed that upon her return her performance was improperly assessed); *see* 42 U.S.C. § 2000e-16(c)-(d) (authorizing a federal employee or applicant to file a civil suit governed by 42 U.S.C. § 2000e-5

11

after the exhaustion of administrative remedies on an initial charge of unlawful discrimination).

Here, Berry did not sue based on an underlying complaint of discrimination or retaliation dealt with by the EEOC or any other government agency.  Instead, the action seeks to remedy an alleged breach of a settlement agreement resolving discrimination claims.[3]  Reviewing Berry's Complaint, including the attachments, as a whole, the Court finds that rather than bringing suit for racial discrimination and retaliation after following the Title VII procedures that allow suits against the federal government, Berry has alleged the breach of a settlement agreement that attempted to resolve Title VII disputes.  Her claims of racial discrimination and retaliation will not independently insulate the suit from dismissal when they were not properly brought under Title VII.  It is apparent from Berry's Complaint that they were not.

Defendant contends that Berry has not alleged facts showing that the Settlement Agreement was breached.  In an action based on the breach of a settlement agreement, the plaintiff must prove that the defendant breached the agreement.  *Perry v. Dept. of Army*, 992 F.2d 1575, 1578 (Fed. Cir. 1993).  Berry alleges

---

[3] In this regard, the case is similar to the dispute in *Lindstrom v. United States*, 510 F.3d 1191 (10th Cir. 2007).  In that case, the Tenth Circuit found that the district court lacked jurisdiction to hear the suit. *Id.* at 1193.

that Defendant breached the Settlement Agreement in at least five ways: Defendant (1) denied Plaintiff training in the new technology; (2) denied Plaintiff cursory review as required in her PAP Plan [Performance Appraisal Plan]; (3) did not reinstate Plaintiff properly, because the USPTO deemed her termination period "Leave Without Pay"; (4) improperly took away Plaintiff's "Within Grade Increase" because of her Leave Without Pay status; and (5) gave Plaintiff an improperly short rating period. Compl. ¶ 11.

Defendant claims that none of these allegations, even if true, would violate the Settlement Agreement. That is correct as to four of the five allegations. Allegations (1) and (5) are irrelevant, as the Settlement Agreement says nothing about new training or about the appropriate rating period. Moreover, the Settlement Agreement specifically states that the period of Berry's absence from the USPTO would be designated Leave Without Pay, thus negating factual allegations (3) and (4). Plaintiff's second allegation, as to the USPTO's agreement regarding her Performance Appraisal Plan, does plead a violation of the Settlement Agreement. *See* Pl.'s Resp. at 4. Paragraph 2(j) of the Settlement Agreement states that the USPTO will "[c]omply with Agency practices and requirements of the PAP in reviewing Employee's work." Plaintiff alleged that she was "denied cursory review as required in her PAP Plan." Compl. at ¶ 11(b). Taking

13

the allegations in the Complaint as true, Plaintiff has alleged a breach of the Settlement Agreement, and dismissal on the basis that she has not pled a violation would be inappropriate.

In her Complaint, Berry requests two remedies.  First, she asks that the Court direct the USPTO to arbitrate FMCS No. 060120-016673.  Second, she asks the Court to have the EEOC re-open and continue the hearing process for EEO Case No. 570-2006-00210X.  Compl. at 5.

The Settlement Agreement clearly bars Plaintiff from re-opening the complaints she withdrew as part of the Agreement (including FMCS No. 060120-01667-3 and EEO Case No. 570-2006-00210X), in return for a number of concessions on the part of the USPTO.  The plain language of the Settlement Agreement that Berry claims the USPTO breached states that:

> (1) "the parties resolve all disputes related to her removal on the effective date of this Agreement." (Settlement Agreement at ¶ 1.)
> (2) "the Union and the Employee agree to: Withdraw, with prejudice, the invocation of arbitration in FMCS Case No. 060120-01667-3 (POPA Docket No. 01-06-RRB-06); Withdraw, with prejudice, EEOC Case No. 570-2006-00210X."  (Settlement Agreement at ¶ 3(a)-(b).)
> (3) "The Employee and Union voluntarily waive all rights to grieve, appeal, complain, and/or litigate that they may have in any forum, judicial or administrative, arising from the Employee's removal, including but not limited to . . . in court, arising under Title VII of the Civil Rights Act . . .". (Settlement Agreement at ¶ 4.)
> (4) "The Employee and Union hereby waive, release, and forever discharge the Agency, its employees, agents, and representatives (in their official and/or personal capacities) from any claims, demands, or causes of action which the Employee had arising from

14

her removal and any action addressed in EEO Case No.
570-2006-00210X and Agency Case No. 06-56-43.  This
release includes but is not limited to a release of any
right to administrative, judicial, or congressional
relief, or any other type of relief, . . . except what
is specifically set forth in paragraph 2 of this
Agreement.  The Employee will retain these appeal
rights only on the issue of whether the parties
complied with the terms and conditions of this
Agreement." (Settlement Agreement at ¶ 4.)
        (5) "The Employee and Union hereby withdraw with
prejudice any and all existing grievances, appeals, and
existing administrative or judicial complaints . . .
including any EEO complaints (informal or formal),
against the Agency relating to the employee, with no
right to raise these issues again." (Settlement
Agreement at ¶ 5.)

Thus, the Settlement Agreement by its own terms precludes the Court from re-opening Berry's earlier disputes. While Berry retains some limited "appeal rights" related to the USPTO's performance of its promises, she agreed to limit her remedies by expressly disclaiming the right to re-open her earlier claims.  *See* Settlement Agreement at ¶ 4.  The Complaint does allege that the USPTO breached the terms and conditions of the Agreement, but it asks the Court to do precisely what it cannot do: re-open employment complaints expressly withdrawn under a bargained-for contractual agreement between Berry, her union, and the USPTO.[4]

---

[4] The Fourth Circuit has held, under different circumstances, that a district court can vacate its own prior order dismissing a settled case when one of the parties breaches a settlement agreement, under Fed. R. Civ. P. 60(b)(6).  *Fairfax Countrywide Citizens Ass'n v. Fairfax County, Va.*, 571 F.2d 1299, 1302-03 (4th Cir. 1978).  *Fairfax Countrywide* does not apply here, where the plaintiff asks the Court to re-open administrative complaints filed with several different federal agencies.

Given Berry's pro se status, the impossibility of awarding the specific remedies she seeks would normally call for a dismissal of her Complaint with leave to amend.  However, because the Court finds that it would not have jurisdiction over Berry's claim even if was amended to include the remedy of specific implementation or money damages, the issue of remedies is moot and the Complaint will be dismissed with prejudice.

### 2. Subject-Matter Jurisdiction

Defendant argues that the District Court does not have subject matter jurisdiction over Berry's claim that the USPTO breached the Settlement Agreement, because the federal government has not waived its sovereign immunity from such suits.

The United States is immune from suit unless it consents to be sued, and in that case "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (internal quotation marks and citation omitted).  Title VII allows federal employees to sue the government for discriminatory employment practices. *See* 42 U.S.C. § 2000e-16(c).  However, Title VII only allows an employee to file a civil action on an underlying complaint of discrimination after an agency has issued a final action on the complaint or the EEOC has taken final action on an agency's decision or order regarding an underlying complaint of discrimination. *Id.*

16

As noted above, the complaint Berry originally raised with the USPTO's Office of Civil Rights was that the agency had breached the Settlement Agreement.  *See* Compl. Ex. 1; *see also* Def.'s Ex. 2D.  She appealed that Office's claim that it lacked jurisdiction to the EEOC, which also denied that it had jurisdiction.  Thus, Berry brings suit based on the denial of her earlier claim that the USPTO breached its Settlement Agreement, not on the basis of discrimination pursuant to Title VII.[5]

The EEOC has promulgated a regulation outlining the steps a complainant can take if she believes a government agency has breached a settlement agreement.  The regulation explains that the complainant should first notify the EEO director at the agency of the problem and that "[t]he complainant may request that the terms of settlement agreement [sic] be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased."  29 C.F.R. § 614.504(a).  If the agency does not resolve the matter or rules against the complainant, the complainant can appeal the decision to the EEOC.  The EEOC can order the agency to comply or it can order that the original complaint "be reinstated for

---

[5] The Court does not rule that a different claim, alleging racial discrimination or retaliation in the first instance and following the procedures in Title VII allowing a district court to hear the case – that is, alleging discrimination as the basis for a new claim and then exhausting administrative remedies – would not allow a plaintiff to complain that as a result of discrimination, a government employer refused to abide by a settlement agreement.

further processing from the point processing ceased."   29 C.F.R.

§ 1614.504(b)-(c).   The regulation does not provide for another

level of review in federal court.

Berry followed the applicable regulation.   She filed a

complaint with the USPTO's Office of Civil Rights.   EEOC Decision

at 1.   She then appealed that Office's determination that it

lacked jurisdiction to the EEOC.   *Id.*   The EEOC disclaimed

jurisdiction and held that 29 C.F.R. § 1614.504 did not apply to

Berry's case, because she, her union, and the USPTO reached the

Settlement Agreement through a negotiated grievance process

rather than "pursuant to the EEO process."   EEOC Decision at 2.[6]

The EEOC's stated inability to hear a case does not automatically

create jurisdiction in a federal court.

In the context of a private settlement agreement, the

Supreme Court has held that the enforcement of settlement

agreements "is more than just a continuation or renewal of the

dismissed suit," and that it "requires its own basis for

jurisdiction."   *Kokkonen v. Guardian Life Ins. Co. of America*,

511 U.S. 375, 378 (1994).   Here, under applicable Fourth Circuit

precedent, the Court finds it has no basis for jurisdiction over

the Settlement Agreement.

---

[6] In support, the EEOC cited its decision in *Polanco v. Henderson (U.S. Postal Service)*, Appeal No. 01962071 (1998).   In *Polanco*, the EEOC held that it could not review a settlement agreement that was reached through a negotiated grievance process rather than through the EEO process.   It further explained that 29 C.F.R. § 1614.504 only applies to settlement agreements reached pursuant to the EEO process itself.   *Polanco* at *6.

In *Frahm v. United States*, the Fourth Circuit held that a federal district court did not have jurisdiction over a former IRS employee's claim related to the IRS's admitted breach of its settlement agreement with her.  492 F.3d 258, 260 (2007).  Frahm, the former employee, sought money damages and attorneys' fees for the breach.  *Id.*  The court noted that the federal government's statutory waiver of sovereign immunity in Title VII cases "does not expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute."  *Frahm*, 492 F.3d at 262.  The court went on to explain that "[b]ecause neither the settlement agreement nor a statute allow Miss Frahm to sue the government for breach of the settlement agreement, her action was properly dismissed."  *Id.*

Courts around the country have split over whether federal courts have jurisdiction over lawsuits alleging that the government breached settlement agreements disposing of Title VII claims.  The Tenth Circuit and the D.C. Circuit reached conclusions similar to *Frahm*.  *See Lindstrom v. United States*, 510 F.3d 1191 (10th Cir. 2007) (citing *Frahm* and holding that jurisdiction does not extend to the enforcement of a settlement agreement); *cf. Hansson v. Norton*, 411 F.3d 231 (D.C. Cir. 2005) (ordering the transfer of a breach of settlement action to the Court of Federal Claims).  Other courts have decided that the structure of the EEOC regulations regarding administrative

19

appeals implicitly authorizes district court jurisdiction, *see Munoz v. England*, 557 F. Supp. 2d 1145, 1157-61 (D. Haw. 2008) (finding a right to file suit based on the regulatory structure of 29 C.F.R. § 1614, Subpart D), or that policy considerations point toward an extension of jurisdiction, *see Kraft v. Johanns,* 2007 WL 2212890 at *11-12 (D.N.D.).

The *Kraft* court distinguished the statement in *Frahm* that dismissal was proper when neither the settlement agreement nor a federal statute waived sovereign immunity. *Kraft*, 2007 WL 221890 at *12. It argued that the statement did not enlarge the Fourth Circuit's more specific holding that the federal government had never waived sovereign immunity for a claim of money damages based on a settlement agreement. *Id*. This Court will decline to accept the limitation proposed in *Kraft* without further guidance from the Fourth Circuit. While the broad reading of sovereign immunity in *Frahm* does follow immediately upon the court's conclusion that the statutory waiver in Title VII does not extend to monetary claims, the court's statement is unqualified and clearly phrased. Moreover, the court chose to base its holding on sovereign immunity doctrine even though it noted an alternate ground on which it could affirm the dismissal of Frahm's monetary damages claim. 492 F.3d at 262. If the court had intended to limit its holding to monetary damages, it could have easily done so.

20

This Court reads *Frahm* to require dismissal on sovereign immunity grounds unless either the settlement agreement or a statute allows the government to be sued.  *Frahm* held that no statute waived sovereign immunity to allow a suit for breach of a settlement agreement after noting that the statutory waiver in Title VII "does not expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute."  *Id*.  Here, as in *Frahm*, the statutory waiver in Title VII does not expressly extend to a suit against the government asking for specific performance or reinstatement as a remedy for breach of a settlement agreement. *See* 42 U.S.C. § 2000e-16.  It is true that 29 C.F.R. § 1614.504 allows a complainant to "appeal" a breach of settlement claim to the EEOC and other Title VII regulations state that final decisions of the EEOC are appealable in the district courts.  29 C.F.R. §§ 1614.405(a)-(b), § 1614.407; *see Munoz*, 557 F. Supp. 2d at 1159-60.  Reading these regulations together to allow an appeal of a breach of settlement agreement from the EEOC to the district court, however, would sanction an end-run around the limits of the Title VII, which waives sovereign immunity only after the exhaustion of administrative remedies on an initial "complaint of discrimination."  42 U.S.C. § 2000e-16(c)-(d).

Even granting that *Frahm* applies, though, the issue of whether the Court should dismiss based on sovereign immunity is

21

not as clear-cut as it was in *Frahm*.  First, the Settlement Agreement that Berry signed states that she retains "appeal rights."  Settlement Agreement at 3.  Second, the plaintiffs in both *Frahm* and *Lindstrom* were able to obtain EEOC review of their petitions on the merits, as contemplated by 29 C.F.R. § 1614.504. In Berry's case, the EEOC stated that it did not have jurisdiction to review her petition because it was reached as part of a grievance settlement with Berry and her union.

Paragraph 4 of the Settlement Agreement contains a broad waiver and release of Berry's then-pending discrimination claims.  It further explains that the release covers "any right to administrative, judicial, or congressional relief, or any other type of relief, or of any claim to back pay, attorney's fees and costs, or any other type of compensation, except what is specifically set forth in paragraph 2 . . . .," but then notes that Berry "will retain *these appeal rights* only on the issue of whether the parties complied with the terms and conditions of this Agreement."  Settlement Agreement at ¶ 4 (emphasis added).

Applying *Frahm*, the Court must ask whether this reference to "appeal rights" in the Settlement Agreement constitutes a waiver of sovereign immunity that would allow Berry to bring suit in federal court.  Although the placement of the phrase "these appeal rights" is confusing, when read in context the phrase means that Berry's "appeal rights" are limited to

22

contending that the USPTO did not abide by the promises set forth in Paragraph 2 of the Settlement Agreement.  The word "these" in "*these* appeal rights" references the agreements the USPTO made in Paragraph 2.  The phrase is not a model of clarity, but in its entirety it clearly limits Berry's ability or "right" to appeal to challenging the USPTO's performance of its agreements.  The phrase itself has nothing to say about jurisdiction, much less about whether the United States has waived its sovereign immunity and authorized suit in a federal court.  The scope of a waiver of sovereign immunity is strictly construed in favor of the government.  *Lane v. Pena,* 518 U.S. 187, 192 (1996).  Here, the Court finds that the phrase does not expressly, or even impliedly, waive the government's sovereign immunity against suit in the federal courts.

Having decided that no part of the statute or Settlement Agreement waives sovereign immunity for Berry's claim, and that *Frahm* applies and bars jurisdiction, the Court will dismiss this case.  In recognition of Berry's status as a pro se plaintiff, however, and in light the frustration naturally felt after being rebuffed by the EEOC after following the procedures for appeal set out in 29 C.F.R. § 1614.504, it seems appropriate to note that a venue for review was available and that Berry made use of it.  She was able to obtain on-the-merits review of her claim with the Federal Labor Relations Board ("FLRA"), which

refused to issue a complaint in the case.  Def.'s Mem. in Supp't, Ex. 3B.  Berry did not appeal the findings of the FLRA's Regional Director to the FLRA's General Counsel.  In finding it lacks jurisdiction, the Court does not embrace an outcome that would strip Berry and litigants in her position of the only venue in which they could be heard.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss, deny Plaintiff's Motion for an Extension of Time, and deny Plaintiff's Motion Requesting Appointment of Counsel.


An appropriate Order will issue.



November 14, 2008                     _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE